UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRANDON ALLEN FOXX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-154 |
| ) | Judge Phillips |
| KNOXVILLE POLICE ) | |
| DEPARTMENT, DAVID RAUSCH, ) | |
| THOMAS TURNER, RICHARD D. ) | |
| WHITE, JOHN PICKENS, JOHN A. ) | |
| MARTIN, JORDAN G. HENDERSON, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff Brandon Allen Foxx alleges several federal civil rights claims and state law tort claims against the Knoxville Police Department ("KPD"), KPD Chief of Police David Rausch, and Thomas Turner, Richard D. White, John Pickens, John A. Martin, and Jordan G. Henderson, all KPD officers. These claims arise from a series of interactions between KPD officers and plaintiff in 2014 and 2015. This civil action is before the Court on the motion to dismiss [Doc. 7] filed by defendants Richard D. White ("Officer White") and John Pickens ("Officer Pickens"). No response or opposition to the pending motion has been filed and the time for doing so has passed. E.D. Tenn. L.R. 7.1(a), 7.2.

After careful consideration of the pending motion and supporting memorandum [Doc. 8], the motion to dismiss by defendants White and Pickens [Doc. 7] will be **GRANTED**.

1

## I. Relevant Facts[1]

Plaintiff alleges that he has been "targeted and harassed by KPD and the Officers that make up that force" "through false allegations and embellishments" and "pretextual violations of the law" [Doc. 1 at ¶ 1]. The complaint alleges that Officer White stopped plaintiff for speeding on March 18, 2014, at 4:37 p.m. [*Id.* at ¶ 3]. This stop revealed an outstanding warrant for unpaid speeding tickets [*Id.*]. Plaintiff was placed into custody and later released. Officer Thomas Turner ("Officer Turner"), who is not a party to the instant motion, was also present during this stop [*Id.*].

On March 19, 2014, at approximately 3:00 p.m., Officer Turner and Officer Pickens conducted a "knock and talk" at the apartment where plaintiff lives with his parents and his girlfriend, Brittany Quince [*Id.* at ¶ 4]. The officers searched the apartment and discovered 477.3 grams of marijuana [*Id.*]. Plaintiff advised the officers that all of the marijuana was his in an effort to protect his girlfriend. Although he did not have any drugs or weapons on his person, plaintiff was taken into custody and charged with Drug Free School Zone, Possession of a Firearm during the Commission of a Felony, and Possession of Drug Paraphernalia [*Id.*]. On October 8, 2014, plaintiff entered into a plea agreement for Simple Possession arising out of the March 19, 2014 incident [*Id.* at ¶ 7].

The complaint also describes encounters between plaintiff and KPD officers on May 30, 2014 [*Id.* at ¶ 5], September 19, 2014 [*Id.* at ¶ 6], and April 3, 2015 [*Id.* at ¶ 8]. Neither

---

[1] For the purposes of a motion to dismiss, the Court takes the factual allegations in the complaint [Doc. 1] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

Officer White nor Officer Pickens are mentioned as being involved in these events. The complaint, filed on April 4, 2016, contains no other factual allegations as to Officer White or Officer Pickens.

Count One alleges a violation of 42 U.S.C. §§ 1983 and 1988 against all of the defendants for the use of unlawful and excessive force and cruel and unusual punishment arising out of the April 3, 2015 incident [*Id.* at ¶¶ 23—34]. Although he was not mentioned in the lengthy factual description of the events of April 3, 2015 [*Id.* at ¶ 8], Count One generally alleges that Officer Pickens and others violated plaintiff's civil rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution [*Id.* at ¶¶ 27]. Count Two generally alleges a violation of 42 U.S.C. §§ 1983 and 1988 against all of the defendants for failure to protect plaintiff from excessive force by KPD officers [*Id.* at ¶¶ 35—40]. Count Three generally alleges a state law claim of assault and battery against all defendants [*Id.* at ¶¶ 41—44]. Count Four alleges a claim of outrageous conduct/intentional infliction of emotional distress against all defendants [*Id.* at ¶¶ 45—49]. Count Five alleges a claim of negligence against all defendants under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-101 [*Id.* at ¶¶ 50—54]. Officer White is not specifically mentioned in any of the counts; Officer Pickens is specifically mentioned only in Count One.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain

3

Case 3:16-cv-00154-TWP-HBG   Document 9   Filed 09/19/16   Page 3 of 7   PageID #: 56

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

III. Analysis

Officers White and Pickens first argue that they should be dismissed from this case because the claims against them are time-barred [Doc. 8 at pp. 5—6]. As noted above, the

4

only factual allegations against Officer White relate to the March 18, 2014 incident [Doc. 1 at ¶ 3]. The only factual allegations against Officer Pickens relate to the March 19, 2014 incident [*Id.* at ¶ 4].

It is well settled that claims under 42 U.S.C. § 1983 are subject to a one-year statute of limitations. Tenn. Code Ann. § 28-3-104(a)(1)(B) (one-year statute of limitations for civil action for compensatory or punitive damages under the federal civil rights statutes); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (same). Similarly, claims for personal injury and the TGTLA are also subject to a one-year statute of limitations. Tenn. Code Ann. § 28-3-104(a)(1)(A) (actions for personal injury); Tenn. Code Ann. § 29-20-305(b) (TGTLA claims); *Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn. 2004) (intentional infliction of emotional distress is a personal injury tort governed by the one-year statute of limitations). Thus, all of the claims in the complaint are governed by a one-year statute of limitations. Because this case was filed on April 4, 2016, Officers White and Pickens argue that the only incident which is not barred by any of the limitations periods is the April 3, 2015 incident and the complaint contains no factual allegations that they were involved in this incident.

The Court agrees. To the extent that *any* of plaintiff's claims against Officer White or Officer Pickens are based on events other than the April 3, 2015 incident, those claims are clearly time-barred by the statutes of limitations for § 1983 claims, TGTLA claims, and claims for personal injury. Tenn. Code Ann. §§ 28-3-104, 29-20-305(b).[2]

---

[2] As the defendants note, the complaint also contains alleges in its introductory section that "[o]fficers and their supervisors conspired to deprive Mr. Foxx of his constitutional rights in

5

The factual allegations as to the April 3, 2015 incident contain no mention of either Officer White or Officer Pickens [Doc. 1 at ¶ 9]. The complaint describes an event where plaintiff was pulled over by Officers Turner and Henderson and detained until Officer Martin arrived with a K-9 [*Id*.]. The complaint alleges that Officer Turner forcibly removed plaintiff from his vehicle, a struggle ensued, and plaintiff then attempted to flee [*Id*.]. Plaintiff claims he was then chased and assaulted by all three of the officers and the K-9 [*Id*.]. After being treated at the UT Medical Center, plaintiff was taken to the Knox County Detention Facility [*Id*.]. The charges against him arising from this incident were ultimately dismissed [*Id*.].

Officers White and Pickens argue that any claims against them arising from the April 3, 2015 incident should be dismissed because the complaint contains no allegations that they were personally involved and thus the complaint fails to state a plausible claim for relief [Doc. 8 at pp. 6—8]. As noted above, the plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint contains no factual content that Officer White was present or in any way involved in the events of April 3, 2015. The only alleged connection between Officer Pickens and the events of April 3, 2015 is the general allegation in Count One that "[o]n or about April 3, 2015, Defendants

---

violation of 42 U.S.C. § 1985 by attempting to cover up and suppress evidence of their use of excessive force" [Doc. 1 at ¶ 2(c)]. The complaint contains no other reference to a § 1985 claim. To the extent that plaintiff has attempted to assert a claim pursuant to § 1985, such a claim would also be subject to the one-year statute of limitations contained in Tenn. Code Ann. § 28-3-104(a) and would be time-barred.

6

Turner, Pickens, Martin, and Henderson, under color of state and federal law, violated Plaintiff's civil rights under the Fourth, Eighth and Fourteen [*sic*] Amendments of the United States Constitution" [Doc. 1 at ¶ 27].  This is a legal conclusion that, at least with respect to Officer Pickens, is wholly unsupported by any factual allegations.  *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Accordingly, plaintiff has failed to allege a plausible claim for relief against Officers White and Pickens as to the events of April 3, 2015.  Inasmuch as this is the only alleged event that is not time-barred, the Court concludes that the complaint fails to state any plausible timely claims against either Officer White or Officer Pickens.

In light of the foregoing conclusions, the Court finds it unnecessary to address the defendants' remaining arguments for dismissal.

## IV. Conclusion

For the reasons set forth herein, the motion to dismiss by Officers White and Pickens [Doc. 7] will be **GRANTED** and they will be dismissed from this action.  An appropriate order will be entered.

IT SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE